IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| : | |
| **v.** : | |
| : | **Criminal Action No.** |
| **THOMAS GOSIER,** : | **6:05-CR-23 (HL)** |
| : | |
| **Defendant.** : | |
| : | |

## ORDER

Before the Court is Defendant's Motion for Pre-trial Release on Bail (Doc. 180), in which he asks the Court to authorize his pretrial release. Defendant was first detained and arrested on October 28, 2005. A subsequent detention hearing was held by Magistrate Judge Richard L. Hodge on November 3, 2005. Judge Hodge determined that the evidence presented required the detention of Defendant Gosier pending trial in the case.

Pursuant to 18 U.S.C. § 3142(e), if a "judicial officer finds that there is probable cause to believe that a defendant committed an offense for which a maximum term of imprisonment of ten or more years is prescribed," a defendant must overcome the presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" in order to qualify for pretrial release. (2005).  In an apparent attempt to meet this burden Defendant asserts two reasons why the Court should authorize his pretrial release: (1) "Defendant is a resident of the Middle District of Georgia and has significant family ties to the area such that it would be unlikely that he would flee the jurisdiction;" and (2) "Defendant has no history of violent behavior such that it is unlikely that he will obstruct, or attempt to obstruct justice,

or threaten or injure or intimidate or attempt to intimidate any witness of juror."[1]

While these factors are relevant in determining whether there are conditions that will reasonably assure the appearance of Defendant Gosier and protect the community, the Court finds that these factors do not overcome the presumption that attaches pursuant to 18 U.S.C. § 3142(e). After a thorough review of the pleadings and all evidence and testimony presented at the detention hearing, the Court finds that Judge Hodge's factual findings are supported by the evidence presented. Further, the Court finds that Judge Hodge's legal conclusions are also correct and adopts Judge Hodge's pretrial detention order. Therefore, Defendant's Motion for Pre-trial Release on Bail is denied.[2]

**SO ORDERED**, this the 13th day of April, 2006.

/s/ Hugh Lawson
**HUGH LAWSON, Judge**

scs

---

[1] These factors were argued extensively at the detention hearing held on November 3, 2005 before Judge Hodge.

[2] Although written findings of fact and a statement of reasons are generally required when a defendant is detained pending trial, because the Court explicitly adopted the Magistrate Judge's detention order, the Court need not enter separate findings of fact or a statement of reasons. United States v. King, 849 F.2d 485, 490 (11th Cir.1988).